1
2
3
4
5

NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

6
7
8
9

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| JOSE RIOS BLAS, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** |
| LOBEL FINANCIAL CORPORATION, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

18

## COMPLAINT

19
20
21
22

NOW comes JOSE RIOS BLAS ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of LOBEL FINANCIAL CORPORATION ("Defendant") as follows:

23

### NATURE OF THE ACTION

24
25
26

1.   Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

27

### JURISDICTION AND VENUE

28

1

2.   This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18, residing in Stanislaus County, California, which is located within the Eastern District of California.

5.   Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.   Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of California. Defendant's principal place of business is located at 1150 N. Magnolia Avenue, Anaheim, California 92801.

7.   Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   Several years ago, Plaintiff financed the purchase of his personal vehicle through Defendant.

10. Thereafter, Plaintiff experienced financial hardship and began falling behind on his scheduled payments, thus incurring debt ("subject debt").

11. Around April of 2019, Plaintiff began receiving calls to his cellular phone, (209) XXX-1845, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1845. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has primarily used the telephone number (714) 995-3333 when placing collection calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above-referenced phone number ending in -3333 is regularly utilized by Defendant during its debt collection activities.

15. During answered calls from Defendant, Plaintiff has been subjected to a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

16. Plaintiff explained his inability to address the subject debt and informed Defendant that he was filing for bankruptcy.

17. After explaining his inability to address the subject debt, Plaintiff asked that Defendant contact his bankruptcy attorney instead.

18. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

19. When Defendant refused to contact Plaintiff's attorney instead of him, Plaintiff demanded that it stop calling his cellular phone.

20. On multiple instances, Defendant made improper statements regarding Plaintiff's honesty and continuously denied that fact that Plaintiff retained a bankruptcy attorney, which greatly frustrated Plaintiff.

21. Despite Plaintiff's demands, Defendant continued to relentlessly place phone calls to Plaintiff's cellular phone up until the filing of this lawsuit.

22. Plaintiff has received not less than 20 phone calls from Defendant since demanding that it stop contacting him.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding his rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26.  Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28.  Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before he was connected with a live representative, is instructive that an ATDS was being utilized to generate the

4

phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

29. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent.  Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by his demands that it cease contacting him.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

31.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JOSE RIOS BLAS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

34. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

35. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.   Violations of RFDCPA § 1788.17

36. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i.   Violations of the FDCPA §1692c and §1692d

37. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

38. Defendant violated c(a)(2) when it placed at least 20 calls to Plaintiff's cellular phone after it knew that Plaintiff was represented by an attorney.

39. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

40.   Defendant further violated §1692d and d(2) when it repeatedly assaulted Plaintiff's honesty. Any reasonable fact-finder will conclude that Defendant's personal attacks on Plaintiff's

character were designed to harass and abuse him in order to forcefully extract payment from Plaintiff.

41. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of his demands was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

42. Defendant was notified by Plaintiff that its calls were not welcomed, especially since Plaintiff was filing for bankruptcy. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### ii. Violations of the FDCPA § 1692e

43. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

45. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact him. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him after Plaintiff explained that he could not pay.

### iii. Violations of FDCPA § 1692f

46. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

48. Defendant willfully and knowingly violated the RFDCPA.  Defendant was aware that Plaintiff was represented by an attorney regarding the subject debt, but yet continued to bombard Plaintiff with collection notices, demanding payment for the subject debt. Moreover, Defendant continued to call Plaintiff's cellular phone after Plaintiff specifically asked it to stop contacting him.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

49. As plead in paragraphs 23 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JOSE RIOS BLAS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.   Award any other relief as the Honorable Court deems just and proper.


Dated: May 20, 2019                  Respectfully submitted,

                                     By: /s/ Nicholas M. Wajda
                                     Nicholas M. Wajda
                                     WAJDA LAW GROUP, APC
                                     11400 West Olympic Boulevard, Suite 200M
                                     Los Angeles, California 90064
                                     Telephone: (310) 997-0471
                                     Facsimile: (866) 286-8433
                                     Email: nick@wajdalawgroup.com